## MARCUS WHITE

### *v.*

## IRA STANBRO.

ERROR—*trivial objections not considered where justice has been done.* Where the court is satisfied, from the whole record, that justice has been done, it will not consume time in considering trivial objections, especially in a case where, if a recovery could be had at all, it would be for a trifling and inconsiderable amount.

APPEAL from the Circuit Court of Boone county; the Hon. T. D. MURPHY, Judge, presiding.

Messrs. COON & CURTISS, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to the Boone circuit court, by Marcus White against Ira Stanbro, for damages to the land of the plaintiff, caused by the erection of a milldam on the Kichwaukee river, by the defendant, which backed the water on to the land of the plaintiff, as he alleges in his declaration.

The plea was the general issue, and there was a trial by a jury, who rendered a verdict for the defendant, and, the court refusing to set aside the verdict on motion of plaintiff, judgment was rendered against the plaintiff for the costs, to reverse which he appeals and assigns various errors.

A large number of witnesses were examined on both sides, besides reading of depositions, as to the fact alleged, that the dam did back the water over plaintiff's land, and there was much conflicting testimony. It made a case peculiarly fit for the consideration of a jury, leaving them at liberty to find either way.

We have examined the testimony carefully, and we should have come to the same conclusion the jury did. If the fact was clearly established the dam did flow back the water on to appellant's land, the next question raised would be, was appellant injured thereby, and to what extent? On this point we are well convinced that, at most, appellant could have recovered only nominal damages. The fact is well established that his land on the north side of the river was always low, boggy and wet land, and not more so since the dam was built. It is also shown that appellant has subjected it to pasture, and by large droves of cattle, which, long continued on such land as his is shown to be, will denude it of herbage, and destroy the sod. It is a kind of river bottom, low and marshy, and overflowed by the usual spring freshets. Some witnesses say the land is dryer now than it was before the dam was built.

But it is unnecessary to enter into a minute examination of the testimony. We are well satisfied with the conclusion the jury reached.

Appellant makes a point that the court ruled out proof of a proposition made by appellant to appellee, which was, in substance, a bet by appellant of one hundred dollars that certain facts would be established, if appellee would consent to draw the water from his pond, and had very little to do with the merits of the case, and, if it had gone to the jury, could not have affected their verdict, to change it from what it is.

The instructions given for appellant were all he was entitled to ask, and they declared the law correctly. Some of those refused could not have changed the finding. The fact was not proved that the dam injuriously backed the water on to appellant's land.

The defendant's instructions are unobjectionable. The truth is, this appears to be a very small case, in which, if damages could be recovered at all, they would be so trifling and inconsiderable as to forbid a court to waste time in considering the various objections stated.

An examination of the whole record satisfies us justice has been done, and we must affirm the judgment.

*Judgment affirmed.*